UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-cv-0607-JLK

**DOMINION VIDEO SATELLITE, INC.,**

        Plaintiff,

v.

**ECHOSTAR SATELLITE L.L.C. f/k/a
ECHOSTAR SATELLITE CORP.,**

        Defendant.

**CONSENT MOTION TO HOLD IN ABEYANCE RULING ON MOTION TO CONFIRM SUPPLEMENTAL ARBITRATION AWARD AND MOTION TO VACATE SUPPLEMENTAL ARBITRATION AWARD**

Plaintiff Dominion Video Satellite, Inc. ("Dominion") and Defendant EchoStar Satellite L.L.C. f/k/a EchoStar Satellite Corp. ("EchoStar"), hereby jointly request that this Court hold its ruling on EchoStar's Motion to Vacate Supplemental Arbitration Award ("Motion to Vacate") and Dominion's Motion to Confirm Supplemental Arbitration Award ("Motion to Confirm") in abeyance, pending a ruling by the Tenth Circuit in Case No. 04-1465.

The parties agree that this Court ruled on the issues raised in the Motion to Vacate in an oral ruling on October 20, 2004 and subsequent judgment on October 24, 2004. The parties also agree that EchoStar's appeal of the October 24, 2004 judgment is still pending before the Tenth Circuit Court of Appeals. In light of these facts, the parties request that the Court hold its rulings on the Motions to Vacate and Confirm in abeyance and stipulate as follows:

1.EchoStar will place an additional $32,000 in the escrow account established for Tenth Circuit Case No. 04-1465.  The $32,000 represents the $29,580 awarded as damages to Dominion by the arbitrators in the Supplemental Award, plus estimated post-judgment interest, which, under Colorado law, accrues at 8 percent per year from the date of the Supplemental Award (see C.R.S.A §5-12-102; Columbine Valley Construction Co. v. Board of Directors, Roaring Fork School District RE-1J, 626 P.2d 686, 694-95 (Colo. 1981) (*en banc*)).

2.If the Tenth Circuit rules that:  (a) the Final Arbitration Award should be set aside because the Panel manifestly disregarded the law with regard to federal public-interest obligations that preempted the programming exclusivity provisions of the parties' Agreement, (b) the Final Arbitration Award violated the First Amendment or (c) the Panel exceeded its authority by awarding Dominion damages in violation of Section 13.2.1 of the Agreement, then both parties agree that EchoStar's Motion to Vacate should be granted, the money placed in escrow should be returned to EchoStar, and the remainder of the Supplemental Award should be entered as a judgment of this Court.

3.If the Tenth Circuit upholds this Court's confirmation of the Final Arbitration Award with regard to the Panel's award of monetary damages to Dominion, then the parties agree that Dominion's Motion to Confirm should be granted and the funds held in escrow should be released to Dominion.

**WHEREFORE**, Dominion and EchoStar respectfully request that this Court hold its ruling on EchoStar's Motion to Vacate and Dominion's Motion to Confirm in abeyance pending a ruling by the Tenth Circuit in Case No. 04-1465.

Dated:  August 12, 2005

We ask for this:

s/Ross W. Wooten_____
Ross W. Wooten, Esq.
T. WADE WELCH & ASSOCIATES
2401 Fountainview, Suite 215
Houston, Texas
Tel.:(713) 952-4334
Email: rwooten@twwlaw.com

Todd A. Jansen, Esq.
COCKRELL, QUINN & CREIGHTON
Mile High Center
1700 Broadway, Suite 1516
Denver, Colorado 80290
Fax: (303) 860-7344
Email: tjansen@cqclaw.com

*Counsel for Defendant EchoStar Satellite, LLC*

s/Thomas D. Leland_____
Thomas D. Leland, Esq.
Allan L. Hale, Esq.
Hale Friesen, LLP
1430 Wynkoop Street, Suite 300
Denver, Colorado  80202
Tel.: (720) 904-6000
Email: **LELANDUSDC@HALEFRIESEN.COM**

Mark D. Colley, Esq.
Holland & Knight LLP
2099 Pennsylvania Ave., N.W.
Suite 100
Washington, DC  20006
Tel (202) 955-3000
Email: mark.colley@hklaw.com

*Co-Counsel for Plaintiff Dominion Video Satellite, Inc.*

# 3133595\_v1